21879

The STATE, Appellant, v. Guy Randall WHITTINGTON, Respondent.
(301 S. E. (2d) 134)

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Richard D. Bybee* and *Staff Atty. Bristow Marchant,* Columbia, *for appellant.*

*Clyde A. Eltzroth, Jr.,* of *Peters, Murdaugh, Parker, Eltzroth & Detrick,* Hampton, *for respondent.*

March 15, 1983.

*Per Curiam:*

This appeal presents the question whether S. C. Code Ann. § 56-1-370, as amended (Cum. Supp. 1981) is unconstitutional as violative of the doctrine of separation of powers. We hold it is unconstitutional.

Respondent Whittington was arrested for driving under the influence. He did not submit to the breathalyzer test as required by § 56-5-2950 of the Code. Refusal to submit to the test results in a ninety day suspension of one's license to drive. § 56-5-2950.

. Section 56-1-370 of the Code, as amended, provides for what is commonly called an implied consent hearing which is held to determine whether one refused to submit to the test. Act No. 501 of 1980 amended the statute to allow an individual to request that a magistrate conduct the hearing rather than a hearing officer of the Department of Highways and Public Transportation (Department). Respondent so requested.

On March 26, 1982, a magistrate heard the case and ruled respondent had been in a condition which rendered him incapable of refusing to submit to the test, thus, found the suspension of his license not warranted.

The State appealed the magistrate's ruling contending § 56-1-370, as amended, was unconstitutional as violative of the doctrine of separation of powers. Section 56-1-370 provides in pertinent part:

> The licensee may, within ten days after notice of suspension, cancellation or revocation . . . request in writing a review and upon receipt of such request the Department shall afford him a review . . . . Such review may be held by a duly authorized agent of the Department, *except that all hearings held pursuant to subsection (e) of § 56-5-2950 may be held, in the discretion of the licensee, before a magistrate in the county where the licensee was arrested unless the Department and the licensee agree that such hearing may be held before a magistrate in some other county* . . . . (Emphasis added.)

Article I, Section 8 of the South Carolina Constitution provides:

In the government of the State, the legislative, executive, and judicial powers of the government shall be forever separate and distinct from each other, and no person or persons exercising the functions of one of said departments shall assume or discharge the duties of any other.

In *State ex rel. McLeod v. Yonce*, 274 S. C. 81, 261 S. E. (2d) 303, 306 (1979), this Court, quoting 16 Am. Jur. (2d) Constitutional Law § 223 (now § 313), stated:

It has been said that the policy and intent of the constitutional system is that the courts and judges not only shall not be required, but shall not be permitted, to exercise any power or to perform any trust or to assume any duty not pertaining to, or connected with, the administering of the judicial function, and that the exercise of any power or trust or the assumption of any public duty other than such as pertains to the exercise of the judicial function is not only without constitutional warrant, but is against the constitutional mandate in respect of the powers they are to exercise and the character of duties they are to discharge . . . .

Magistrates are part of the unified judicial system. *State ex rel. McLeod v. Crowe*, 272 S. C. 41, 249 S. E. (2d) 772 (1978). Therefore, they are permitted to exercise only the duties and powers of the judicial branch.

The overall statutory scheme indicates the issuance, suspension, and control of drivers' licenses are administrative functions, the authority over which rests with the Department. The Department is a component of the executive branch. Here the General Assembly has singled out the implied consent hearings for magisterial involvement.

We hold, therefore, that the 1980 amendment to § 56-1-370 of the Code is unconstitutional as violative of the doctrine of separation of powers. The above emphasized portion of the statute is clearly severable from the remainder of the statute, leaving the remainder of § 56-1-370, as amended, in full force and effect. *See State ex rel. Riley v. Martin*, 274 S. C. 106, 262 S. E. (2d) 404 (1980).

Finding magistrates cannot conduct implied consent hearings, we conclude the magistrate's ruling is null and void.

Accordingly, the case is remanded for a hearing before the appropriate hearing officer should respondent so desire.

Remanded.